UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **24-20287-CR-MOORE/ELFENBEIN**

21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(d)
21 U.S.C. § 853

FILED BY ____MP____ D.C.

Jul 3, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

vs.

**DIORI BARNARD**

        **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Possession of a Controlled Substance with Intent to Distribute**
**(21 U.S.C. § 841(a)(1))**

On or about June 24, 2024, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DIORI BARNARD,**

did knowingly and intentionally possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(viii), it is further alleged that this violation involved fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

## COUNT 2
**Possessing a Firearm in Furtherance of a Drug Trafficking Crime**
**(18 U.S.C. § 924(c)(1)(A)(i))**

On or about June 24, 2024, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DIORI BARNARD,**

did knowingly possess a firearm in furtherance of a drug trafficking crime, an offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as charged in Count 1 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(l)(A).

## COUNT 3
**Possession of a Firearm by a Convicted Felon**
**(18 U.S.C. § 922(g)(1))**

On or about June 24, 2024, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DIORI BARNARD,**

did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that said firearms and ammunition are:

a. One (1) KAHR 9-mm pistol, Serial Number UA1573;

      b. One (1) Glock 19x pistol, Serial Number BRRG098; and

      c. One (1) Palmetto State Armory Rifle, Serial Number SCD758551.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **DIORI BARNARD,** has an interest.

2. Upon conviction of a violation of Title 21, United States Code, Section 841, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 21, United States Code, Sections 853(a)(1) and (a)(2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of Title 18, United States Code, Section 922(g)(1) and/or Section 924(c), or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm and/or ammunition involved or used in such violation.

4. The property which is subject to forfeiture includes, but is not limited to, the following:

      (a) One (1) KAHR 9-mm pistol, Serial Number UA1573;

      (b) One (1) Glock 19x pistol, Serial Number BRRG098; and

      (c) One (1) Palmetto State Armory Rifle, Serial Number SCD758551.

All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924(d)(1), as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
BRIAN DOBBINS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-20287-CR-MOORE/ELFENBEIN

v.

DIORI BARNARD,

    Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Court Division** (select one)
- [X] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  [X] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V  [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [X] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-MJ-03234-LMR

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of 06/24/2024

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
BRIAN DOBBINS
Assistant United States Attorney
Court ID No.    A5501182

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>DIORI BARNARD</u>

**Case No:** _____

Count #: 1

Possession with Intent to Distribute more than 50 grams of methamphetamine and a Detectable Amount of Cocaine

Title 21, United States Code, Section 841(a)(1)
* **Max. Term of Imprisonment: 40 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 4 years to life**
* **Max. Fine: $5 Million Fine**

Count #: 2

Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Title 18, United States Code, Section 924(c)(1)(A)
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 Fine**

Count #: 3

Felon in Possession of a Firearm and Ammunition

Title 18, United States Code, Section 922(g)
* **Max. Term of Imprisonment: 15 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**